UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATILDA SALAZAR,

    Plaintiff,

v.                             Case No. 8:10-cv-2634-T-33TBM

MFP, INC. D/B/A
FINANCIAL CREDIT SERVICES,

    Defendant.
_____/

**ORDER**

This matter comes before the Court pursuant to Defendant MFP, Inc.'s Motion for Summary Judgment (Doc. # 20), filed on November 11, 2011. Plaintiff Matilda Salazar filed a response in opposition to the motion for summary judgment on December 23, 2011 (Doc. # 25).

After due consideration and for the reasons stated in this Order, the Motion for Summary Judgment is denied.

**I.    Background**

Plaintiff filed an amended complaint on December 28, 2010, alleging that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"). (Doc. # 4 at ¶ 13). Plaintiff alleges that she is a consumer under the FDCPA and that Defendant placed collection calls and sent letters to her "seeking and demanding payment for an

alleged debt for medical services." Id. at ¶¶ 7, 11. Plaintiff alleges that on May 20, 2010, she sent Defendant, a debt collector under the Act, a written request to cease and desist communication. Id. at ¶ 12. However, on August 31, 2010, Defendant again contacted Plaintiff, allegedly in violation of the FDCPA. Id. at ¶¶ 12-13.

Defendant, however, presents evidence of a more nuanced version of the facts. According to Defendant, it was retained by Mease Healthcare on May 10, 2010, to recover an amount of $250.00 allegedly owed by Plaintiff on an outstanding medical bill. (Nasso Aff. Doc. # 20-1 at ¶ 4). Defendant opened an account for the debt which generated an initial collection notice to be sent to Plaintiff on May 11, 2010. Id. at ¶¶ 5-6. On May 17, 2010, Mease Healthcare notified Defendant to close and return the account to them. Id. at ¶ 7. Defendant complied and cancelled the account under the status code "CRQ" for "Cancelled at Client's Request." Id. at ¶¶ 7, 18. Following the account closure, on May 24, 2010, Defendant received Plaintiff's written cease and desist letter and documented the request on the closed account. Id. at ¶ 8.

However, on August 30, 2010, Defendant was again retained by Mease Healthcare to recover an amount of $250.00 allegedly owed by Plaintiff on an outstanding medical bill. Id. at ¶ 9.

Defendant opened up a new account for the debt which generated an initial collection notice to be sent to Plaintiff on August 31, 2010. Id. at ¶¶ 10-11. On October 4, 2010, Defendant received a cease and desist letter from Plaintiff's attorney and closed the new account. Id. at ¶ 13.

Plaintiff alleges that "Defendant violated § 1692c(c)of the FDCPA by contacting consumer after written notification that consumer refuses to pay debt, or that consumer wants collector to cease information (sic)." (Doc. # 4 at ¶ 13). Plaintiff seeks $1,000.00 in statutory damages as well as costs and attorney's fees. Id. at ¶ 14. Defendant seeks a summary judgment finding that its actions did not violate the FDCPA as a matter of law, or if they did, that Defendant is protected by the "bona fide error" defense.

## II. Legal Standard

Summary judgment is appropriate if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742

(11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997).

The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995)(citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact finder evaluating the evidence could draw more than one inference

from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988)(citing Augusta Iron & Steel Works, Inc. v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981), cert. denied, 456 U.S. 1010 (1982).

The Court will not weigh the evidence or make findings of fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). Rather, the Court's role is limited to deciding whether there is sufficient evidence upon which a reasonable juror could find for the non-moving party. Id.

### III. Analysis

#### A. FDCPA Compliance

"In order to prevail on an FDCPA claim, a plaintiff must prove that: 1) the plaintiff has been the object of collection activity arising from consumer debt, 2) the defendant is a debt collector as defined by the FDCPA, and 3) the defendant has engaged in an act or omission prohibited by the FDCPA." Mammen v. Bronson & Migliaccio, LLP, 715 F. Supp. 2d 1210,

1216 (M.D. Fla. 2009). Here, the parties do not dispute that the first two elements are satisfied. Regarding the third element, Title 15 U.S.C. § 1692c(c) provides as follows:

> If a consumer notifies a debt collector in writing that the consumer refuses to pay a debt or that the consumer wishes the debt collector to cease communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt, except
>
> (1) to advise the consumer that the debt collector's further efforts are being terminated;
>
> (2) to notify the consumer that the debt collector or creditor may invoke specified remedies which are ordinarily invoked by such debt collector or creditor; or
>
> (3) where applicable, to notify the consumer that the debt collector or creditor intends to invoke a specified remedy.
>
> If such notice from the consumer is made by mail, notification shall be complete upon receipt.

15 U.S.C. § 1692c(c).

Plaintiff asserts that Defendant violated this provision by sending her a collection letter on August 31, 2010, after she had sent her cease and desist letter on May 20, 2010. However, Defendant asserts that it acted in compliance with the statute because it had no further communication with Plaintiff on the closed account after receiving her May 20, 2010, cease and desist letter and because it had no further communication with Plaintiff on the new account after

-6-

receiving her attorney's October 4, 2010, cease and desist letter.  Defendant argues that because the August 31, 2010, letter was generated for a new account — although for a debt from the same creditor and for the same amount – the letter did not violate the FDCPA as a matter of law.

The Court is not convinced.  The plain language of 15 U.S.C. § 1692c(c) states that "if a consumer notifies a debt collector in writing that the consumer refuses to pay a *debt* or that the consumer wishes the debt collector to cease communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such *debt*."  15 U.S.C. § 1692c(c) (emphasis added).  By its terms, the statute concerns only "debts," not "accounts" as urged by Defendant, and requires a debt collector to cease all communications regarding a specific debt, regardless of how that debt may be classified or re-classified in the future by the debt collector.  Yet, Defendant would have the Court carve out an exception to the FDCPA that would allow for subsequent communications regarding a debt, as long as the debt was reassigned a new account number.  Defendant does not provide any case law in support of its argument, and the Court has found no relevant authority necessitating such an exception.

Accordingly, given that the August 31, 2010, letter sent

by Defendant concerned the same $250 debt for which Plaintiff had previously requested Defendant cease communication, the Court cannot find as a matter of law that Defendant complied with the FDCPA. Thus, Defendant is not entitled to summary judgment on this issue.

### B. Bona Fide Error Defense

In the alternative, Defendant argues that if its conduct is found to violate 15 U.S.C. § 1692c(c), it is entitled to the "bona fide error" defense provided by 15 U.S.C. § 1692k(c). A defendant asserting the bona fide error defense must show its violation of the FDCPA: (1) was unintentional; (2) was a "bona fide" error; and (3) occurred despite the existence of procedures reasonably adapted to avoid violations of the FDCPA. 15 U.S.C. § 1692k(c); Edwards v. Niagara Credit Solutions, Inc., 584 F.3d 1350, 1353 (11th Cir. 2009). It is Defendant's burden to prove the bona fide error defense by a preponderance of the evidence. 15 U.S.C. § 1692k(c); Niven v. Nat'l Action Fin. Servs., No. 8:07-cv-1326-T-27TBM, 2008 WL 4190961, at *3 (M.D. Fla. Sept. 10, 2008).

As to the third element, Defendant contends that it has procedures in place to code accounts once cease and desist letters are received so that no further communications are sent, that employees are trained in the procedures, and that

the procedures were followed in the instant case. However, the Court finds that there is sufficient evidence, if credited, to create an issue of fact as to whether Defendant's procedures were "reasonably adapted" to prevent the type of violation alleged here.

Specifically, in her affidavit filed in support of Defendant's Motion for Summary Judgment, Defendant's Operations Manager Hepsibeth Nasso states as follows:

> MFP's procedures were followed under the circumstances. However, had the MFP employee changed the code from CRQ [Cancelled at Client's Request] which was appropriate as of May 17, 2010 to DIS [Dispute] on May 24, 2010, the collection system would have recognized a more effective cease and desist code. In order to change the status code to DIS, this action would have required the employee to "re-open" the closed account. Although this procedure may have exposed MFP to potential compliance problems, the DIS code would have prevented any subsequent communications to [Plaintiff] irrespective of the August 30, 2010 account assignment.

(Nasso Aff. Doc. # 20-1 at ¶¶ 18-20).

Based on this evidence that there were further measures Defendant could have taken to prevent the violation complained of, a jury could conclude that Defendant's procedures were not reasonably adapted to avoid violations of the FDCPA in this situation. Accordingly, the Court finds that summary judgment is inappropriate where there remains a genuine issue of

material fact regarding the reasonableness of Defendant's procedures. Furthermore, "Defendant's intent and whether the error was bona fide are classic issues of fact, inappropriate for resolution on summary judgment." <u>Niven</u>, 2008 WL 4190961, at *3.

Therefore, due to the genuine and material questions of fact discussed above, the Court determines that a jury should decide whether the elements of the bona fide error defense have been satisfied and denies the Motion for Summary Judgment accordingly.

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

Defendant MFP, Inc.'s Motion for Summary Judgment (Doc. # 20) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>9th</u> day of March, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel and Parties of Record